May it please the Court, my name is John Mansfield, and I'm here today representing Cobbler Nevada, LLC. The appellant in this case, this may be a little bit of deja vu all over again, at least for a few of the panel members. Some different issues. Yes, it's a bit torrent week here in the Court of Appeals. It is, the week of the torrent. But at any rate, the issue in this case really can be solved by this Court if it looks at one decision that was made, and what we claim is the clearest error on the record, the clearest legal error. After the plaintiff in this case entered a Rule 41 notice of dismissal, which this Court is aware of, it had every right to do and which is not challenged, the district court and the magistrate working under the district court erred in hearing a motion for attorney's fees and then in entering the final judgment that we're appealing from in this case. Rule 41, as the cases we cite indicates, essentially is a stop order type of rule. It doesn't provide any, and this is again the dismissal by the plaintiff with notice. This is not with the stipulation of the parties or with the court order. But provided that the opposing party has not filed either an answer or a motion for summary judgment, then the plaintiff has the right at any time to file such a notice, and that's precisely what happened here. I think that the, that what happened here, again, I wasn't, again, the lawyer who tried it below, but I have to say when I looked at the docket, I saw the Rule 41 notice and then I, you know, usually you see that and then a copyright notice and then the case is over. And I was surprised to see that there were further substantive proceedings that went on. Those substantive proceedings were error. The key case, Your Honors, that I think is directly on point and that should really be looked at carefully is the Kadkin case. The Kadkin case involves, in fact, it involves copyright claims, which is not really germane, but it was on the same statute. There had been a couple of early dismissals of plaintiff's copyright claims, and then there were some various procedural things, an attempt to remand, even though the case wasn't filed, wasn't removed. But at any rate, the final posture of the case was that there was yet another motion for dismissal and then the plaintiff filed a Rule 41 notice of dismissal and the court below then thereupon went to, proceeded to award attorney's fees. In looking at this, this court reversed its earlier precedent, which would have allowed such a case, and made it clear that the Supreme Court's precedent, the case is called Buck Hannon. The Buck Hannon case held that a plaintiff was not a prevailing party when a lawsuit, even when the lawsuit brought around a voluntary change in the defendant's conduct without a judgment on the merits or a court-ordered consent decree. So the argument has been made below, and the court certainly made this argument in its order, that its dismissal of the indirect infringement claim was, in fact, a change in the party's relationship. It was not, though. As we all remember from federal courts, it's judgments that preclude further actions, not simply decisions by a trial court. The Rule 41 is specifically designed to preclude the court from making, at least in the initial step, a decision on whether the judgment is on the merits. And in fact, it's the default in Rule 41 is that it's a judgment that's entered by the plaintiff on notice is not on the merits. And in fact, the judgment that was entered specified without prejudice. So in the — You're talking about the direct infringement now. It — yeah. But my point here, though, is that — Well, let's — you might have a point, but I have a question. So my question is, are you talking about direct infringement? Because there's two claims. There's the contributory infringement, which was dismissed, and then there's the direct infringement. So which one are you talking about? The indirect — the contributory infringement claim was dismissed with prejudice. With prejudice. But, Your Honor, there was no way — for instance, there was no way the court could have entered a final judgment. I think we'd have to all agree on that, because all of the claims you can't enter a partial judgment. All of the claims had not been decided. At that point, my client had the right to file this dismissal, and it did file the dismissal. And now my client has the right to file that lawsuit again. Now you would say, well, does that mean they get another bite at the apple? Well, that's what Rule 41 does. You get one more bite at the apple. You don't get another bite on your contributory infringement claim. Well, there's no judgment. I mean, we're arguing that the judgment that was entered is improper because the case — the court was — So you can win and then come back and — you could do this forever. You could get dismissed with prejudice, then file your 41, and then you go back to court again. And you could keep doing that under your theory, I guess. No. Because if — Why not? If the case is — if all of the claims are dismissed, then a judgment can be entered. There's no — there's no dispute about that. This is — and it may be one of those areas where it's an untended result, but it's a — clearly, it was considered by the court in the — this Court, in the Kadkin case, in a situation where even if you've gotten an adverse ruling on one claim, you still have the right because, under the rule, a summary judgment or — and by the way, a summary judgment or an answer has not been filed. You should also notice that Rule 41 talks about a dismissal of the action. And so it's clearly intended — you know, it's clearly intended to dismiss the entire case. The — in this case, and again, the Kadkin case is directly on point, the — the trust argued that the District Court's two prior dismissals of copyright claims were sufficient to confer a prevailing party status on them. This Court refused and overturned the judgment of attorneys' fees. And Your Honors, again, even though this may be — I agree that there's some head-scratching that needs to be done to think about this, but when you think about Rule 41 in connection with the expressed terms of the rules, as read under the Kadkin case, here is a case where the — at the time that the plaintiff entered the Rule 41 notice of dismissal, there had been no change in the party's — in the party's relationship because, under the Buckhannon case, there had been no — there had been a ruling dismissing one of the claims, but there was nothing that — they could not, for instance, have gone and filed the lawsuit and said — at that point and said, well, we'd like to issue — you know, this is res judicata as to this, because there had been no final judgment entered. Do you want to save your remaining time? Yes, I do. Thank you, Your Honors. Thank you. Good morning, Your Honor. My name is Dave Madden. I represent the defendant and the prevailing party below, Tom Gonzales. I have my notes and bullet points about the four items up on appeal, but during my final review with colleagues, I came up with another thing that's not briefed, but it's jurisdictional and it's important to talk about, and so I'm going to start out with that. And it actually matches up with the first point that Mr. Mansfield brought about the 41 — the Rule 41 voluntary dismissal. It's possible that the Rule 41 voluntary dismissal divested the state court — or the lower court and this court — of jurisdiction to reconsider the lower court's dismissal with prejudice of the indirect infringement claim. And that's because, as Mr. Mansfield argues, it's — they can make that dismissal as of right, and a dismissal like that is — it would be part of a settlement, and a dismissal like that puts an end to the case. The only thing that's up here — I thought the only thing that was up here was the attorney's fee award. Exactly. So — The only thing — the only — possibly the only thing that could be considered here is the attorney's fee award. And so we're stuck — well, they're stuck with the dismissal with prejudice of the direct infringement claim. He's just saying that's not a judgment. Well, he's saying that's — yeah, that's a claim in the case. Yeah, it's not a judgment. And so you don't have a prevailing party in the classic sense because you don't have a judgment. It's — it's certainly an argument. Well, no, it's a — It's not. It's more than an argument. It's an argument that he bases on Buchanan and Kadkin. So I think it would be helpful to respond to that. I mean, you don't get the attorney's fees unless you were right on the contributory negligence — or the contributory infringement. Well, let's see. I would like to address the contributory infringement. That would be great for these BitTorrent cases. But if you turn to Kadkin, which is — Let's just assume that the court was right, that under Graxter and Sony and these other cases, just naming somebody, you know, because he has an IP address isn't enough. So let's just say the court was right just for purposes of talking. He says, well, okay, I don't even need to go there because then we decided to drop and dismiss our lawsuit. So we have no prevailing party, end of story, end of case, end of the district court's authority. So what is your response to that? Well, the distinguishing thing about Kadkin is that Kadkin never had a dismissal with copyright claims. That case, the first complaint had copyright claims. It was dismissed with leave to amend. The second case, the first amended complaint, had copyright claims. It was dismissed with leave to amend. The third complaint, the second amended complaint, was filed with no copyright claims and then was dismissed with, I think, a Rule 41. And the point is that in that case, the defendant never had a judgment on the merits for any of the copyright claims. They were all dismissed without prejudice. And the final thing that was dismissed didn't have copyright claims at all. And so that's the distinguishing factor. Now, Kadkin didn't make this argument, but because of the two-dismissal rule under Rule 41, they could probably have said, look, you made an allegation of copyright and you dismissed it. You made an allegation of copyright, you dismissed it. The two-dismissal rule says that that second dismissal is on the merits. Now, the Boeing case says that you can't make that claim in here. You have to wait until the third time that they try and bring the same bad claim against you. And then you can raise Rule 41. But the factual situations are completely different because Kadkin never had a dismissal on the merits of any of the copyright claims. And so they weren't a prevailing party. In our case, we have a dismissal with prejudice of the indirect infringement claim. And again, I would love to get law about the merits of that. Let's just assume that you're right just for talking purposes. So he's saying that, well, there's really no judgment at this point. I suppose there's a partial judgment. At that point, he couldn't have appealed, for example, because the case isn't over. Well, Your Honor, he certainly could have sought interlocutory appeal or they could have proceeded with the direct infringement claim. And at the end of the case, they could have appealed everything. And that would have been the correct way to get the indirect contributory infringement claim up here on appeal. They did appeal. I mean, we're here, right? Right. And they're arguing the merits of the ruling on direct infringement and contributory infringement. Now all of a sudden, they're shifting over to say, we don't want to talk about those things. Well, yes, Your Honor. I mean, all of the Rule 41 discussion has been about the direct infringement claim. It was dismissed without prejudice. At the time it was dismissed, there weren't even allegations about Gonzalez. So what happened was the contributory was dismissed with prejudice and leaved to amend on the direct. And the amendment came back, leaving Gonzalez out entirely. So at that point, who knows what happens. It's changing horses midstream, maybe. Maybe they were hoping to use the same filing fee to shake somebody else down. It just seems to me that the question is whether or not there was a fundamental change in the relationship between the two, at least with respect to part of your claim, the claims in the lawsuit. And there was. That's correct, Your Honor. There was an allegation, a direct allegation of contributory infringement against Mr. Gonzalez. The district court said there's no merit to that claim, dismissed it with prejudice, gave him leave to amend on the direct infringement claim, and it comes back eliminating Mr. Gonzalez. That's correct, Your Honor. I don't know why that isn't tantamount, nothing more than a judgment on the merits of a claim. They can come back and try and sue him for direct infringement at a later date. But in this particular case, it looks to me like there was a shift in the relationship of the parties, and your client prevailed on that claim. That's our position, Your Honor. There was a material alteration in the legal relationship between the parties, and Cobbler can no longer advance a contributory infringement claim against Mr. Gonzalez. That's correct. Right. And so I didn't, now I'm a little perplexed about how you started out in terms of what you think we're divested of or not divested of, because as Judge Paius just appropriately summarized things, I don't understand your opening argument. Oh, just say you agree with Judge Paius. I do, in fact, agree with Judge Paius. The point is that it would be great if you could consider the contributory infringement and make some rulings that will help the defense bar in these cases. Well, we don't make rulings to help people one way or the other or to disadvantage people. We make rulings based on the law. Yep. As I say, just say I agree with Judge Paius and sit down, counsel. I agree with Judge Paius. Thank you very much. Thank you very much. If there are no further questions. And you might tell Mr. Gonzalez, my favorite coffee shop up in Seattle, Broadcast Coffee, the password to get on their Wi-Fi is no illegal downloads. So that gives you a defense right there. I'll be sure he knows that. You might want to put that into his broad housing authority. Thank you. Thank you. This is to Judge Paius and the rest of you as well. There was not a change in the legal relation. Looked to be. Well, you don't dispute. I mean, you had a contributory infringement claim against Gonzalez. Well, what I cite is the Buchanan court which says there is no prevailing party unless the background, sorry, there is no prevailing party without a, quote, judgment on the merits or a court-sponsored ordered consent degree. Well, you have a judgment, a decision, in effect, a judgment on the merits with respect to contributory infringement, don't you? At the time my client entered his, properly entered his Rule 41 decision, there was no judgment on the merits. But you're. There was. You're being awfully literal. There was no document that said judgment, but there is a clear order, substantive order by the district court saying you have no merit. Your allegations for contributory infringement against Mr. Gonzalez lack merit. She dismissed it with prejudice, meaning you couldn't sue Mr. Gonzalez again on this BitTorrent thing for the cobbler alleging a contributory infringement claim. You could go after for direct infringement, as Judge McEwen said. But as Judge McEwen said, I couldn't have, we couldn't have appealed that, that, as what you're calling a judgment on the merits. There's a real, as we all know, there's a real difference between a judgment and a decision. A decision, and that's the way our rules of issue preclusion work, issue preclusion and claim preclusion. Here's a situation where at the time my client, again, according to the rule, there's no. And we did appeal. I read your brief, I read all this stuff about. We did appeal because otherwise we would waive the, there was a judgment taken. We're saying that it was improper to reach, to enter that judgment. Okay. Thank you. Thank you. Unless there are any more questions. No, I think not. Thank you. Thank you to both parties. Cobbler Nevada v. Gonzalez is submitted. Next case is Boydston IV v. U.S. Bank.
judges: McKeown, Paez, Lasnik